IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTHONY CORDOVA,

                              Plaintiff,                           OPINION AND ORDER

   v.

                                                       24-cv-440-wmc

DEPARTMENT OF CORRECTIONS,
KEVIN A. CARR, SARAH COOPER,
ROBERT MILLER, and WENDY MONFILS,

                            Defendants,

Plaintiff Anthony Cordova, a state prisoner who is representing himself, has filed this lawsuit under 42 U.S.C. § 1983, alleging that Wisconsin Department of Corrections ("DOC") officials violated his rights under the First and Fourteenth Amendments, the Wisconsin Constitution and statutes, and DOC's own rules and regulations by implementing a policy requiring the screening of prisoners' incoming mail. (Dkt. #1.) Under 28 U.S.C. §§ 1915(e)(2) and 1915A, this court must screen and dismiss any claim brought by a prisoner that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). For the reasons explained below, the court must dismiss the complaint without prejudice for its failure to comply with the Federal Rules of Civil Procedure. However, the court will allow plaintiff an opportunity to file an amended complaint that corrects the deficiencies identified below.

ALLEGATIONS OF FACT[1]

At all times relevant to this complaint, plaintiff Anthony Cordova was incarcerated by defendant Wisconsin Department of Corrections ("DOC") at Waupun Correctional Institution ("WCI").  Defendant Kevin A. Carr was the secretary of the DOC, defendant Sarah Cooper was the administrator for the Division of Adult Institutions ("DAI"), defendant Wendy Monfils worked within DAI, and defendant Robert Miller was security chief within DAI.

In November 2021, Cooper issued a memorandum to all prisoners that DOC would be implementing a new mail policy in response to the significant increase in contraband entering its institutions.  This memorandum did not state what authority empowered DOC to implement this policy.  Subsequent memoranda issued and signed by Cooper, Miller, and Monfils also failed to cite authority and indicated that all mail, regardless of its content, would be censored by a third party.

Cordova has attempted numerous times to contact Carr and Cooper regarding these issues but has not received a response.

OPINION

Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  The primary purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and

---

[1] Unless otherwise indicated, the allegations of fact in this section are from plaintiff's complaint, which are taken as true for purposes of screening.

the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As a threshold issue, plaintiff has failed to plead facts demonstrating each element of Article III standing. Article III of the Constitution grants federal courts the power to resolve "Cases" and "Controversies." U.S. Const. art. III, § 2. A case or controversy requires a plaintiff to have standing, meaning the plaintiff (1) suffered a concrete, particularized, and actual or imminent injury (an "injury in fact"), (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Plaintiff has failed to allege an injury in fact.

An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized," and "(b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). An injury is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Id*. at 560 n.1. However, plaintiff has not alleged any facts claiming how he was burdened by defendants' policy. Indeed, plaintiff's allegations only discuss the notices he received from defendants and his attempts to bring the alleged illegality of this policy to defendants' attention. While the court may infer that plaintiff's incoming mail has been impacted by this policy, he has not alleged any specific instances that resulted in harm. In other words, plaintiff's only alleged injury is that he believes defendants are acting illegally, which is not an injury in fact. *See*

*Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024) ("a citizen does not have standing to challenge a government regulation simply because the plaintiff believes that the government is acting illegally.") (citing *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982)). Accordingly, his allegations are insufficient to satisfy Rule 8 or to state a viable claim against any of the defendants. Although plaintiff's pro se pleadings are entitled to leniency, he is not excused from meeting the basic requirements of Rule 8(a)(2). *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

To proceed with this lawsuit, therefore, the court will grant plaintiff a 30-day window to file an amended complaint, preferably on one of the court's approved forms for prisoners filing civil actions or similar form available from the prison law library. In preparing this complaint he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) the relief he seeks in relation to those events. Given that plaintiff's claim appears to arise out of defendants' mail policy, he should specifically identify how the policy has harmed him, apart from his general belief that the policy is illegal.

## ORDER

IT IS ORDERED that:

1. Plaintiff Anthony Cordova's complaint (dkt. #1) is DISMISSED without prejudice for failure to meet the pleading requirements of Fed. R. Civ. P. 8.

2. Plaintiff may have until June 12, 2026, to file a second amended complaint. Plaintiff must file this complaint using the court's prisoner complaint form, which the court will mail him along with a copy of this order.

4

3.  If plaintiff fails to file an amended complaint that states a claim by June 12, 2026, this case will be dismissed with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute and the court will record a strike under 28 U.S.C. § 1915(g).

Entered this 12th day of May, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge